23.7803 United States v. Christopher Acevedo May it please the Court, my name is Peter Tomeo, I represent Mr. Acevedo, and we're here to take you from the boardrooms of a pharmaceutical company to the streets of Queens. This is a case, Your Honor, in which sometimes it's nice to deal with a nice, honest drug dealer, but in any event, in this case, Your Honor, we're dealing with an issue of whether there was a sufficiency of evidence, or whether the jury was acting based upon speculation rather than a permissible inference. And as this Court has said, even a reasonable speculation is insufficient to show a guilt beyond a reasonable doubt. This is a, this case involved a shooting which occurred in 2019 and went to trial four years later. Yet in the four years from the time of the shooting to the time of the trial, the government was unable to find a murder weapon, they were unable to find a witness who testified to any statement made by Mr. Acevedo, and they were unable to test, to show that a, that Mr. Acevedo was responsible for hiding any of the evidence in this case. The government argues- Okay, but they do have a video, right, that your client, Mr. Acevedo, was a sole passenger in a white BMW at the time of the shooting? Is that correct? They have a video. And a video- And is there any evidence to support that? But I disagree that the video gets to that point, Your Honor. Okay. Tell me why. Okay. So the video is, as we've seen now more and more, pieced together from surveillance cameras that are around New York City. And it shows my client getting into the vehicle, and it shows- By himself. Excuse me? By himself. By himself. But there are gaps during that trip, from one place to the other. It's not clear that anyone else wasn't already in the car, and no one testifies that he in fact was the shooter at the time. Do you have, as you look at that video, which is really sort of stunning as it passes through, and I understand that there are gaps, but I'm interested in, you may not have the exact numbers in your mind, but have you identified a place in that progression where you think it's most likely that if there was a switch of drivers or somebody else got in the car, it would have happened based on the timing of the drive and the gap in the video coverage? There is a point, but I can't point you to where it is in the record, when they are on a side street. And there is contact which is lost. It's something that's brought up in the- Is that when the charger goes down the dead end road and there's not lying in wait? Yes. The dead end road. The dead end road is exactly that point. And that's what, I wasn't trial counsel, but that's what trial counsel argued at in the closing. And that's the point, Your Honor, is that there is this gap. And we have to assume that no one gets into the car at that point and that Mr. Acevedo is the shooter. Beyond that, that assumption, Your Honor, there's no evidence to support that. There's no evidence to support that he was- Well, I was going to say, what about Mr. Graham's testimony that Acevedo was the leader of Wood City and would be expected to retaliate for the chain? That, Your Honor, is speculation and submission. I'm sorry. I'm going to- What's the- And now for some- He doesn't- There's no direct testimony regarding that. There's no- In fact, the government points to a very animated argument between the victim of the theft, Mr. Joseph, and Mr. Acevedo outside the place where the people were gathering, which the government calls a meeting. No one testifies what happens in the meeting. No one testifies. Mr. Joseph doesn't come in and testify what they discussed. But it's not consistent with Mr. Acevedo going out to retaliate against the theft. It's kind of indicating that he thinks that Mr. Joseph screwed up. And there is a distinction, Your Honor, and this is important, and the government kind of glosses over this. There is Wood City, which does, based on the trial evidence, have criminal activities, drug dealing and others. And there's also YTB, Yellow Tape Boys, which is a rap group. And that's what Mr. Joseph is associated with. And the necklace that was stolen from him was not a Wood City necklace. It was a YTB necklace. And there's no indication that Mr. Acevedo himself would have been so concerned about that theft that he would go out and commit and strive by shooting. Well, I'm thinking again about the video compilation and the fact that this group, including Mr. Acevedo, gathered at a specific place before he departed. And then around the time of the shooting, it looks as though most everybody was reconvened there at that place other than the two who went in the Mercedes and the one who went to the defendant. And there seems to be some sort of celebration when one of them gets a message on his phone around the time of the killing. And I'm just wondering if that is a piece of evidence that really connects that act to the gang. What I'm saying is the gang has two aspects. There's the criminal enterprise, and then there's the rap group. There's nothing illegal about operating a rap group. So if Wood City is the sponsor of the rap group, they're not committing a crime by doing that. They can legally have a rap group. Now, I don't know if I agree with Your Honor in terms of that they reconvened. I think that they never left that place. They kind of all gathered there. We don't know what happens. As I say, no one testifies four years after the facts as to what happens in that place. The one person who testifies is testifying based upon what his understanding is based on other experiences. He wasn't there. Nobody who was there testifies. Although they were all identified by the government. I don't want to interrupt, and I want to make sure you finish it. But please don't sit down before I'm able to ask a question. So go ahead and finish your thought. I think I had.  So what if we – I want to understand how you see the interplay between Count 1 and Count 2. If we believe that there's sufficient evidence to support the conviction with respect to Count 1, does that compel the same conclusion, a different conclusion? How could we reach a different conclusion with respect to Count 2? I don't see – we don't argue that you would reach a different conclusion. Okay. I mean, if you conclude that – because you can only find Mr. Acevedo – you can only affirm the judgment on Count 1 if you conclude that there was sufficient evidence that Mr. Acevedo was the shooter. If he was the shooter, then he was using the weapon. And the other way, too? That he was involved in the racketeering, then he used the gun? Does that – Yes, the racketeering – that would have to be part – in furtherance of the racketeering. But it's a – the shooting is a violence in support of racketeering, of ICAR. And he's – so you have to find that there's sufficient evidence that would – that the shooting had to do with the criminal activities of Wood City as opposed to the rap group. Okay. As you point – We're going to get to hear from you. Are you – I think three minutes, sir. Great. We'll hear back from you. Thank you. Thank you. Attorney Benson. May it please the Court. Assistant United States Attorney Kayla Benson on behalf of the government joined by my colleagues Benjamin Weintraub and Amy Pusa. As the district court ruled on Acevedo's post-trial motions, the trial evidence squarely established that Acevedo, a leader of the Wood City gang, murdered rival Snow Gang associate David Hutchinson as retribution in the hours following Snow Gang's public and humiliating theft of a chain from Wood City's most prominent rapper. And I'd like to start by addressing the sufficiency of the evidence, and in particular the video evidence in this case, which is really, I think, insufficiently addressed in the defendant's opening and reply briefs. And so specifically, as Your Honor noted, there is video showing Acevedo getting inside the car by himself and then tracing his movement across Queens. There's the white BMW followed in sequence by the white Mercedes. And just to give a little bit more color as to the court obviously has government exhibit 400, which is the video in this case, the compilation video, but all of the underlying videos were also entered into evidence. And each of the detectives who collected those videos came to court, testified at the trial about the timestamps of the videos, why they collected that particular piece of evidence. And it traces it almost minute by minute. And I just want to briefly address that time period where the victim's car goes down the street and the two cars are sitting there laying in wait. There was surveillance video of that. There's nobody who gets inside the white BMW. There's nobody who exits the white BMW, the car that the defendant got inside of. There was video of that the entire time. It shows the cars sitting there. And there was witness testimony at trial by the analyst who created the compilation video who testified that nobody got inside or out of the car at that point. The rest of the time we have almost minute by minute tracking of the cars across Queens. It's certainly possible, right? You're not saying that it's not theoretically possible that at a stoplight someone else jumped in and the driver jumped out. You don't have portal to portal coverage. You have pretty extensive coverage. Yes, we don't have second by second coverage. But obviously the question here for the court is sufficiency of the evidence. And the court must credit every inference in the government's favor and credit the jury's determination that it was the defendant who committed the murder. I also just want to briefly address the maintain or increase element and specifically defense counsel's arguments just now. That the YTB part of Wood City was somehow separate from Wood City itself. That was not supported by the trial evidence. In particular, the indictment which outlined the enterprise defined Wood City as also being known as the Yellow Tape Boys. There was ample testimony that Wood City rappers were in music videos to make the image of the gang look better. That's at Government Appendix 34. There was testimony from the cooperating witness that if Shawnee, the leader of the rap group, was doing good, if he looks good, then the defendant looks good because Wood City is his and YTB would be the face of Wood City because he's the rapper. That's at Government Appendix 119. I know we outlined several other places which makes it clear that the two were one and the same. Obviously, the jury was again entitled to make that finding from the trial evidence, not from any kind of speculation. Unless the court has any further questions, the government. I do want to ask a question. It actually goes to a question that was raised in the pro se brief. It's the Rosamond argument. One of the things I was trying to figure out is why was there an aiding and abetting instruction in this case to begin with? Given the theory of the case, given the evidence, what place did that instruction have? Obviously, the aiding and abetting instruction was one of the general instructions that was given right before I think we cited it in our special appendix. It applied to also 1959A1, so count one of the indictment and not 924J. The government's theory here was always that it was Christopher Acevedo who got inside the white BMW, that it was he who drove and that it was he who shot the victim. Can I ask, when we're assessing these questions, are we supposed to be looking at sufficiency of the evidence in the totality or at each element? In the totality. I believe that this court has found that the sufficiency test applies to the totality of the government's case and not each element in isolation. Unless the court has any further questions, the government rests on its papers. Thank you. Thank you. So, we see here in my colleague's argument what the government does. It takes negatives and makes them into positives. So, the witness testifies he didn't see anybody get in and the government argues nobody got in. That's not the same thing because he didn't see every moment and we've established that. There are moments that could take place and of course, my colleague is right, that you should have to look at the totality of the evidence but at the totality of the evidence, you have to look at all the underpinnings that are put before the jury. And what you find when you look at the underpinnings that are put before the jury, there's a lot of weaknesses to them and then there's a lot of assumptions. Like, for instance, they make it, they test, they argue in their brief that there were witnesses who testified to receiving the gun from Ms. Williams but no witness ever testifies to that. They testify, they believe there was one there, they guess there was one there but they don't testify that they actually saw one. But the government then takes it and says, well, they saw it. So, there was that. So, that's true. Your Honours, there's no testimony, there was no evidence showing a meeting between Mr. Acevedo and Ms. Williams where the transfer of the car was supposed to take place. Yet, that's argued by the government that that absolutely took place. And the judge adopts these arguments and our argument is that... So, what's the alternate theory as to how the car, which we last see driving down the street, ends up in her possession? We don't have to present an alternative theory. The theory is that somebody... In testing the plausibility of the government's case... If the second person in the car, the shooter, there was a shooter in the car. There's no doubt. We all saw the video. It's pretty dramatic of the shots coming from the car. Now, whether the government says there's nobody else in the car, but there's no direct evidence of that. We know there was a second person in Mr. Hutchinson's car. Mr. Goines, who stole the necklace, is lying down in the back of the car. Somebody else could be in the car, they could be hidden below the windows. The windows are dark. All we see is that one place where it opens up for the gun to come out. Are we conflating the sufficiency of the evidence with a beyond reasonable doubt standard by saying that there could have been, you know, these alternate theories? Like, I mean, I think the question is, why is what we have not enough? Because, well, the argument is that there's no direct evidence and the evidence that was presented is not sufficient to draw the inferences that would be necessary to find guilt beyond a reasonable doubt. That the jury, having seen the video, having heard this other testimony, you know, speculated, somebody did the shooting, the only person they saw get in the car was Acevedo, it must have been Acevedo. All right, I think we have your arguments. Thank you both very much. We appreciate your arguments. We'll take it under advisement.